UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENNIE W. McCLENDON,

      Plaintiff,

vs.                                 Case No. 8:04-cv-2737-T-27TBM

CARDINAL HEALTH, INC.
f/k/a R.P. SCHERER,

      Defendant.
_____/

## ORDER

**THIS CAUSE** came on to be considered upon the filing of Defendant's Motion to Dismiss (Dkt. 5), Plaintiff's Memorandum in Opposition (Dkt. 6), Defendant's Motion to Permit a Brief Response (Dkt. 7), Plaintiff's Opposition (Dkt. 10), Plaintiff's Motion to Supplement Exhibits (Dkt. 11) and Defendant's Opposition to Plaintiff's Motion to Supplement (Dkt. 12). The Court having reviewed the motions and being otherwise fully advised in the premises orders that Defendant's Motion to Dismiss is **DENIED WITHOUT PREJUDICE.** Plaintiff has fifteen (15) days to properly effect service of process on the proper party Defendant. Defendant's Motion to Permit a Brief Response (Dkt. 7) is **DENIED** and Plaintiff's Motion to Supplement Exhibits is **DENIED** (Dkt. 11).

Defendant seeks dismissal of the complaint without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure of Plaintiff to properly effect service of process. Fed. R. Civ. P. 4(h) provides that service on a corporation shall be effected:

> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by

>appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . .

Subdivision (e)(1) provides for service upon an individual pursuant to the law of the state in which the district court is located. Fla. Stat. § 48.091 provides for service of process upon a corporation's registered agent. Fla. Stat. § 48.081 provides for service upon a corporation according to a hierarchy of officers or agents or, in the absence of compliance with § 48.091, on any employee at the corporation's principal place of business or any employee of the registered agent.

Here, Plaintiff did not effect service of process on Defendant when the process server left a copy of the summons and Complaint at the guard shack entrance to a Cardinal Health PTS, LLC, facility in Pinellas County, Florida. Plaintiff asserts that he was attempting to serve the entity he believed to be the proper party Defendant, Cardinal Health Inc., pursuant to Fla. Stat. § 48.081 because it had not designated a registered agent. Plaintiff has not established, however, that even if Cardinal Health Inc. is the proper party defendant and had no registered agent, service was attempted at the corporation's principal place of business. *See* Fla. Stat. § 48.081(3)(a); *see also Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 235 (M.D. Fla. 1993)(citing *Sierra Holding, Inc. v. Inn Keepers Supply Co.*, 464 So. 2d 652 (Fla. 4th DCA 1985))(statutes dealing with service of process are strictly construed).

The Affidavit of Service reflects that the process server "left the summons and all other attached papers at guard shack on the desk because knowone [sic] from corporate would come to accept serves [sic] and guard would not allow me to enter property." (Dkt. 4). However, the affidavit of Susan Lewis, Human Resources Project Manager for Cardinal Health PTS, LLC, indicates that the process server did not ask to deliver the papers to any specific person. (Dkt. 5 at Ex. A). *See National Safety Associates, Inc. v. Allstate Ins. Co.*, 799 So. 2d 316, 318 (Fla. 2d DCA 2001)(stating that service on an inferior officer of a corporation pursuant to Fla. Stat. 48.081(1) is

only proper when shown that superior officers were absent when service was attempted). Accordingly, Plaintiff has not properly effected service of process.

Fed. R. Civ. P. 4(m) provides that if service is not made upon the defendant within 120 days after the filing of the complaint, the court "shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time . . . ."* (emphasis added). *See Horenkamp v. Van Winkle and Company, Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (finding that district courts have discretion to extend the time for service of process under Rule 4(m) even in the absence of a showing of good cause). The declaration of Marla Clark, Senior Counsel for Cardinal Health, Inc., indicates that she erroneously told counsel for Plaintiff that the proper defendant was Cardinal Health 409, Inc. on April 15, 2005. (Dkt. 5 at Ex. B).

Accordingly, it is

**ORDERED AND ADJUDGED** that:

(1)  Defendant's Motion to Dismiss is **DENIED WITHOUT PREJUDICE**;
(2)  Plaintiff shall effect service of process on the proper party Defendant within fifteen (15) days from the date of this Order.
(3)  Defendant's Motion to Permit a Brief Response (Dkt. 7) is **DENIED**;
(4)  Plaintiff's Motion to Supplement Exhibits (Dkt. 11) is **DENIED**.

**DONE AND ORDERED** in chambers this 14th day of February, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record